**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHENGLONG LIU,

        Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 07-73493

Agency No. A098-472-452

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Chenglong Liu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument, and we therefore deny Liu's request for oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between Liu's testimony and his declaration regarding the length of time he allegedly was detained, and the date of his wife's alleged forced abortion. *See id*. at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id*. at 1156-57.

Liu's contentions that his due process rights were violated because: (1) the interpreter made mistakes; and, (2) the IJ failed to provide him with a reasonable opportunity to establish his claim, fail, because the record reflects he had a "full

07-73493

and fair hearing" and a "reasonable opportunity to present evidence on his behalf."

*See Colmenar*, 210 F.3d at 971.

**PETITION FOR REVIEW DENIED.**